### Thomas Gilmore *v.* Nicholas Noel Destrehan.

A note, not negotiable, in the hands of a third person, is subject to all the equities and defences which might have been opposed by the maker against the payee.

The general rule is, that he who affirms must prove ; but, where a note payable to the payee personally, is on its face not negotiable, and the latter declares, in an agreement with the maker of the same date with the note, that the maker shall be bound to pay the same, only in the event of the payee's complying with two conditions, to wit, not endorsing a certain bond, and performing certain work, and the maker relies on a non-compliance by the payee with the conditions of the agreement, it will, on the principle that a negative cannot be proved, be for the defendant to prove that the payee did endorse the note, and for the plaintiff to establish a compliance with the other condition, to wit, his performance of the work

APPEAL from the District Court of the First District, *Buchanan*, J.

SIMON, J.   The defendant is appellant from a judgment which condemns him to pay to the plaintiff the amount of a note originally made payable to one John McAuliff personally, against the payment of which note said defendant sets up, substantially, as his defence, that he does not owe the amount thereof, as the same was given on certain conditions which were not complied with by the payee.

The evidence shows that the note sued on, which is made payable four months after date, to ' John McAuliff personally, was, under a written agreement signed by the payee, bearing the same date as the note, to be valid only on two conditions : 1st, that said payee should not endorse a certain bond described in the said agreement ; and 2d, that he should chop and fell certain trees also thereon described, and convert the same into' cordwood, at a certain price, and within limited periods ; and the payee declares in the said written agreement, that the said note having been received by him under those conditions, it is understood that, " in case he, the payee, should not have begun on the day thereon fixed, and continued chopping every day at least ten cords, then the drawer may refuse to let him chop the wood, and thereby refuse to pay him the note or any part thereof, *the same being valid only under the conditions being complied with on said payee's part.*"

It is further established that some time before the note became due, the same was seized and sold, in virtue of executions issued on judgments against McAuliff ; that it was sold and adjudicated to the plaintiff by the city marshal ; that all the proceedings on said executions were regular and legal ; and that, on the day of the sale and previous to the adjudication, the defendant audibly informed the public that " said note had been issued in virtue of a private agreement, showing the value thereof, in as much as the clause contained in said agreement should be complied with by McAuliff ; otherwise, if the clauses contained in said agreement were not complied with by said payee, the note would be null and void."

It is perfectly clear that the note sued on, not being on its

face a negotiable instrument, is subject to all the equities and defences in the plaintiff's hands, which might have been opposed to its recovery or payment, by the maker as against the payee himself. Here, the plaintiff had also full notice of the consideration of the note, he bought it at his peril, and acquired no other rights than those of the payee ; and if the latter could not recover, it is clear the plaintiff cannot.

Now, under the terms of the agreement produced by the defendant, it cannot be denied that the defendant's liability to pay the amount of the note sued on, depended upon the plaintiff's complying with two conditions, to wit, that he should not endorse a certain bond, and that he should do the work therein mentioned ; nay, the very expressions used in the contract show, that the parties intended that the payment of said note should not, or could not be enforced unless the payee could show that he had complied with his part of the obligations ; and, accordingly, it was therein stipulated, that *the maker might refuse to pay the amount of said note, the same being valid only under the conditions being complied with on said payee's part.* It is evident, therefore, that the note alone, between the maker and the payee, was not a complete obligation on the part of said maker to pay the amount thereof, and that no recovery could be had thereon by said payee without proof of the fulfilling of the obligations by him contracted.

The defendant complains that McAuliff did not comply with the second condition ; that he did not chop and cut down the trees on his, defendant's, plantation, and did not in any manner perform this part of the obligation ; and the question presents itself, on whom does the burthen of proof lie? The general rule is, that he who *affirms* must *prove ;* but where the affirmative involves a negative, as was the case here with regard to the payee's second obligation, namely, that he *did not* do the work undertaken by him in his contract, and which was to be the consideration of the note, then the proof of it must come from the party whose rights depends upon such performance, for a negative cannot be proved. As to the first condition, however, that the payee should not endorse a certain bond, if the defendant had relied upon a non-compliance with it, it is clear that, the affirmative

being on his side, to wit, that the obligor had endorsed the bond, it would have been his duty to prove the fact: for, again, a negative cannot be proved. But, with regard to the second condition, we are of opinion that, as the performance of the payee's obligation cannot be considered but as a suspensive condition, necessary to give effect to the maker's obligation, that is to say, under which the effect of the note sued on was to be suspended (Civil Code, arts. 2038 and 2016), it was the plaintiff's duty to establish the fact of performance ; and that the defendant could not be required to prove a non-performance.

We conclude therefore that, as the case stands, the plaintiff is not entitled to recover; but, as the absence of proof on his part, may have proceeded from the expressed opinion of the judge *a quo* that the *onus probandi* was on the defendant, who had pleaded the non-performance of the conditions in bar of the action, we think justice requires that this case should be remanded for a new trial, in order to give the plaintiff an opportunity of adducing such evidence in support of his claim as he may be able to furnish under the principles recognized in this opinion.

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed, and that this case be remanded to the court below for a new trial ; the appellee paying the costs of this appeal.

*Wray*, for the plaintiff.
*Grailhe*, for the appellant.

